UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

------------------------------------

ELAINE L. CHAO, SECRETARY OF LABOR, :
UNITED STATES DEPARTMENT OF LABOR, :
                                       Plaintiff, :
                        v. : Case No. 06-0294

VICTORIA SKINNER, ORRIS FUEL, INC., :
ORRIS FUEL, INC. 401(k) PROFIT SHARING :
PLAN, :
                                     Defendants. :

------------------------------------

## DEFAULT JUDGMENT AGAINST VICTORIA SKINNER, ORRIS FUEL, INC., AND ORRIS FUEL, INC. 401(K) PROFIT SHARING PLAN

Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor ("Secretary"), having filed her Complaint herein on March 7, 2006; Defendants Victoria Skinner ("Skinner"), Orris Fuel, Inc. ("Company"), and Orris Fuel, Inc. 401(k) Profit Sharing Plan ("Plan") having failed to answer or otherwise defend against the Complaint; and, default having been entered against Defendants on June 1, 2006, the Secretary now moves the Court to enter a default judgment against Defendants. It appears by the declaration filed with the Secretary's Motion that Skinner and the Company are fiduciaries of the Plan, and that in that capacity they violated Sections 403, 404, and 406 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1103, 1104, and 1006 and that such violations caused losses to the Plan which amount to $25, 920.16, plus interest of $8,767.62 for a total of $34,687.78.

It is hereby ORDERED, ADJUDGED AND DECREED by the Court that:

1. Defendants Skinner and the Company shall restore to the Plan all losses the Plan has incurred as the result of their violations of ERISA. Those losses are as follows:
    a. $ 25,920.16, plus interest of $8,767.62 for a total of $34,687.78.
    b. The cost to the Plan of the independent fiduciary, Jacqueline M. Carmichael, as set forth in Paragraphs 6 and 7 below.
2. The Plan shall set off the individual account balance of Skinner, if any, against the amount of the losses, including interest, resulting from her fiduciary breaches, as authorized by 29 U.S.C. § 1056(d)(4), if the losses are not otherwise restored to the Plan;
3. In connection with the setoff referred to in paragraph 2 hereof, any spouse of Skinner retains the right, if he has any, to receive the survivor annuity under a qualified joint and survivor annuity provided pursuant to 29 U.S.C. § 1055(a)(1) or under a qualified preretirement survivor annuity provided pursuant to 29 U.S.C. § 1055(a)(2), determined in accordance with 29 U.S.C. § 1056(d)(5);
4. Skinner and the Company are removed as fiduciaries of the Plan;
5. Skinner and the Company are permanently enjoined from serving as a trustee, fiduciary, advisor, or administrator to any employee benefit plan, as that term is defined at Section 3(3) of ERISA, 29 U.S.C. §1002(3), or from serving in any capacity that involves decision-making authority or custody or control of the moneys, funds, assets, or property of any employee benefit plan subject to ERISA;

6. An independent fiduciary, Jacqueline M. Carmichael, is hereby appointed with plenary authority over the administration, management, and disposition of the assets of the Plan. The independent fiduciary is directed to marshal assets in behalf of the Plan, to pursue claims in behalf of the Plan, and to take all appropriate action for the liquidation of the Plan and the distribution of benefits to the Plan's participants and beneficiaries;

7. The independent fiduciary shall be compensated for her services from the plan assets for a fee not to exceed $3,200.00. Skinner and the Company shall reimburse the Plan for the cost of the independent fiduciary.

8. Skinner and the Company and their agents, employees, service providers, banks, accountants, and attorneys shall provide the Secretary and the appointed independent fiduciary with all the books, documents, and records relating to the finances and administration of the Plan, and to make an accounting to the Secretary and to the independent fiduciary of all contributions to the Plan and all transfers, payments, or expenses incurred or paid in connection with the Plan;

9. Skinner and the Company are permanently enjoined from violating Title I of ERISA;

10. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Default Judgment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that costs will be allowed the Secretary against Skinner and the Company.

By the Court

Date: 7/11/06

                                                           United States District Judge